# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# COLUMBUS DIVISION

| | | |
|---|---|---|
| PIERRE CANNON, | * | |
| vs. | * | CASE NO. 4:95-CR-30 CDL |
| UNITED STATES OF AMERICA, | * | |

## REPORT AND RECOMMENDATION

Petitioner Pierre Cannon has filed a Motion to Compel asking the court to compel the Government to file a Rule 35 sentence reduction based on the substantial assistance he alleges he has provided. (R. 62). The Government responded (R. 63), and Petitioner Cannon thereafter filed a Motion to Supplement his Motion to Compel. Therefore, currently pending before the court are Petitioner's Motion to Compel and Motion to Supplement the Motion to Compel.

## Procedural History

A ten (10) count Indictment was returned on June 22, 1995 (R. 4), against Cannon charging: Extortion, Racketeering & Threats in violation of 18 U.S.C. § 1951 in Counts I, III, V, and IX ; Possession of a Firearm in relation to a crime of violence or drug trafficking crime in violation of 18 U.S.C. § 924(c) in Counts II, IV, VI, VIII and X ; and Felony Auto Theft in violation of 18 U.S.C. § 2119 in Count VII.

After extensive pre-trial motions and discovery, Cannon was tried by jury and found guilty on September 19, 1995, of all ten offenses charged in the Indictment, and was sentenced on January 17, 1996. (R.16, 17, 19, 20.) He appealed his conviction and sentence,

and on May 6, 1997, the Eleventh Circuit Court of Appeals affirmed the district court on each count of conviction and each sentence. (R. 25.)

The next action filed in this court came more than seven years later, on August 23, 2004, when Cannon filed a Motion For Relief under Rule 35(b)(2)(B), Federal Rules of Criminal Procedure. (R. 27.) The court denied Cannon's Motion For Reduction of Sentence by Order dated October 6, 2004. (R. 31.) Cannon did not appeal the court's Order.

On February 9, 2005, Cannon filed a Letter Motion for Appointment of Counsel, in which he sought have counsel file a second motion for reduction of his sentence pursuant to Rule 35. (R. 32.) That Motion was denied on February 22, 2005. (R. 36.)

Thereafter, on May 30, 2008, Cannon filed a Motion to Reduce Sentence under 18 U.S.C. § 3582 based on the retroactive enactment of Amendment 599 to the Sentencing Guidelines, which was granted by the court and an Amended Judgment was entered. (R. 45.) Cannon appealed and the Eleventh Circuit Court of Appeals vacated and remanded the Amended Judgment for the court to explain its sentence in light of the factors found in 18 U.S.C. § 3553(a), which the court did on February 5, 2010. (R. 53, 56.) On February 18, 2010, Cannon appealed the court's Order, but voluntarily dismissed the appeal on May 24, 2010. (R. 64.)

On March 15, 2010, Cannon filed the current Motion to Compel, to which the Government responded on April 5, 2010. (R. 62, 63). Cannon thereafter filed a Motion to Supplement Petitioner's Motion to Compel the Government to file a Rule 35 Based on Substantial Assistance Provided by Petitioner on June 24, 2010. (R. 65).

## Conclusions of Law

As this court has previously noted, it is well settled that whether to file a Rule 35(b) Motion is a matter left to the government's discretion. Fed.R.Crim.P. 35(b) (2009); *United States v. Dixon,* 998 F.2d 228, 230 (4th Cir. 1993). However, a court may remedy the government's refusal to move for a reduction of sentence if: (1) the government has obligated itself in a plea agreement to move for a reduction; or (2) the government's refusal to move for a reduction was based on an unconstitutional motive. *Wade v. United States,* 504 U.S. 181, 185-86 (1992). As was noted by the court in Cannon's previous attempt to compel the government to file a Rule 35 motion, however, any plea agreement that might have been made between the government and Cannon regarding a Motion For Reduction of Sentence upon substantial assistance dissolved upon Cannon's failure to pass any of three polygraph tests administered to him. (R. 34.) The court also found that "there was no evidence or suggestion that the government's motive for refusing to file a Rule 35(b) Motion was based on an unconstitutional motive. To the contrary, the undisputed evidence indicated ample cause for the Government's refusal to file a Rule 35(b) Motion." *Id.*

In his most recent motion, Petitioner merely reiterates his previous arguments. In addition, he seeks to supplement his Motion to include specific evidence regarding the assistance he provided to the Government. However, neither Petitioner's arguments, nor any evidence submitted by him, alter the fact that, subject to the *Wade* parameters outlined above, the Government has the sole discretion to file a Rule 35 motion for sentence reduction based on substantial assistance. In this case, the Government declined to file such

a motion. Absent a *Wade* violation, the court is without the authority to compel the Government to do so. Therefore, Petitioner's Motion should be denied.

WHEREFORE, IT IS RECOMMENDED that Petitioner Cannon's Motion to Compel be DENIED and his Motion to Supplement the Motion to Compel be denied as Moot. Pursuant to 28 U.S.C. § 636 (b)(1), Petitioner may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE, WITHIN FOURTEEN (14) DAYS after being served with a copy hereof.

SO RECOMMENDED this 17th Day of August, 2010.

S/ Stephen Hyles<br>UNITED STATES MAGISTRATE JUDGE

lws